HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SOUTH BAYVIEW APARTMENTS, ASSOCIATES, a Washington Limited Liability Partnership; and PAN PACIFIC PROPERTIES, a Washington corporation,

Plaintiffs,

v.

CONTINENTAL WESTERN INSURANCE COMPANY, a Foreign Insurer, HALL-CONWAY-JACKSON, INC., a Washington corporation; and MYLINDA BEYERS, JERRY BYERS, GIOVANNI OCAMPO, SARA OCAMPO, NINA MILLER, DAVID DOWNS, BRITTNEY WARD, JESSICA FULLER, WAYNE CHRISTENSON and SHANNA SWEET, Washington residents,

Defendants.

NO. C07-5287 RBL

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND, DENYING DEFENDANT'S ALTERNATIVE MOTION AND DENYING ALL MOTIONS FOR TERMS AND FEES

INTRODUCTION

This matter comes before the Court on Plaintiffs South Bayview Apartments, Associates and Pan Pacific Properties ("South Bayview")'s Motion for Remand and Request for Terms [Dkt. # 2]. The Court has considered this Motion (including supporting exhibits, Declaration and Affidavit) [Dkt. #s 2-4], as well as Defendant Continental Western Insurance Company ("CWG")'s Removal Petition (including supporting exhibits) [Dkt. #1], CWG's Response [Dkt. # 9] (including supporting exhibits), CWG's Alternative

Motion for Leave to Take Limited Jurisdictional Discovery [Dkt. #10], South Bayview's Reply (including supporting Declarations) [Dkt. #s 13-15], and the file herein.

CWG, an Iowa corporation, removed this action to this Court despite the lack of complete diversity on the face of the Removal Petition [Dkt. #1]. Despite the apparent lack of diversity, CWG argues that removal is proper in this case because South Bayview fraudulently joined the domestic Defendants for the sole purpose of defeating diversity. *Id.* South Bayview conversely alleges that Plaintiffs have stated a colorable claim of negligence against the domestic Defendant Hall-Conway-Jackson, Inc. ("HCJ"), that none of the domestic Defendants have been dismissed from the case, that CWG lacked unanimity in its decision to remove and that the removal of this matter was therefore improvident and warrants Fed. R. Civ. P. 11 sanctions. Mot. to Remand [Dkt. #2]; Reply [Dkt. #13]. Alternatively, CWG requests that this Court enter an order granting it leave to take limited jurisdictional discovery concerning collusive and/or fraudulent joinder. Alternative Mot. [Dkt. #10].

For the reasons explained below, the Court GRANTS South Bayview's Motion for Remand [Dkt. #2], DENIES CWG's Alternative Motion [Dkt. #10] and DENIES all motions for terms and fees.

## BACKGROUND

This lawsuit arises out of a June 21, 2005 fire loss which occurred in Westport, Washington. South Bayview owns the apartment building which was damaged in the fire and was insured by CWG when the fire occurred. CWG has allegedly not reached coverage determinations for the majority of the claims submitted by South Bayview; South Bayview seeks damages of approximately $2 million.

On September 1, 2006, South Bayview filed suit in the Superior Court of Washington for Grays Harbor County (case number 06-2-01041-4), solely against CWG, for declaratory relief and damages under the insurance policy issued by CWG. On October 4, 2006, CWG removed the action to this Court on the basis of diversity [Dkt. #1 to 06-05566 RBL]. On October 5, 2006, South Bayview objected to the

removal, claiming that South Bayview had filed an Amended Complaint that added HCJ as a non-diverse defendant [Dkt. #4 to 06-05566 RBL], and moved to remand [Dkt. #5 to 06-05566 RBL]. Notwithstanding this argument, South Bayview filed a voluntary nonsuit [Dkt. #6 to 06-05566 RBL] on October 11, 2006.

The following day, South Bayview filed a new action in the Superior Court of Washington for Grays Harbor County (case number 06-2-10198-4), adding domestic Defendant HCJ and the ten domestic tenant Defendants included in the present suit before this Court. On April 17, 2007, HCJ's counsel advised CWG's counsel that South Bayview's original claim against HCJ (failure to provide a certified copy of South Bayview's policy) was invalid but that, after discussing the case with South Bayview's counsel, HCJ had decided to not actively defend the claim. In response to this conversation with HCJ, on May 21, 2007, CWG filed a Partial Motion for Summary Judgment on behalf of HCJ.[1]

Without leave of court or of Defendants, South Bayview filed their Amended Complaint adding a negligence claim against HCJ on June 6, 2007. The following day, South Bayview filed a Response to CWG's Partial Motion for Summary Judgment in which South Bayview did not object to the entry of partial summary judgment dismissing South Bayview's original claim against HCJ. The same day, CWG removed the matter to this Court, alleging that by not objecting to partial summary judgment, "South Bayview implicitly conceded the frivolousness and impropriety of its claim against HCJ." [Dkt. #5 to 07-05287 RBL at 5]; *see also* CWG's Removal Pet. [Dkt. #1]. CWG argues that removal was proper pursuant to 28 U.S.C. § 1446(b) because South Bayview's Response served as notice that the case had become removable and that South Bayview's alleged violation of Washington State CR 15(a) warrants Fed. R. Civ. P. 11 sanctions. Resp. [Dkt.. #9]. Alternatively, South Bayview argues that CWG's removal

[1]HCJ did not join in this motion.

warrants Fed. R. Civ. P. 11 sanctions because removal was CWG's "veiled attempt to avoid pending motions before the State Court." Mot. for Remand at 3 [Dkt. #2].

DISCUSSION

**A. Burden of Proof**

Any civil action brought in state court is removable if it might have been brought originally in federal court. 28 U.S.C. § 1441(a). If the case stated "by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of . . . [a] paper from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). If this Court determines that it is without subject matter jurisdiction at any time before the final judgment the action shall be remanded back to the state court. 28 U.S.C. § 1447(c).

Courts should "rigorously enforce" the legislature's animus to delimit federal jurisdiction in diversity cases. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). Federal courts strictly construe their limited jurisdiction. *Lowdermilk v. United States Bank Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). There is a strong presumption against removal jurisdiction: federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). The defendant always bears the burden of establishing the propriety of removal. *Duncan*, 76 F.3d at 1485; *Gaus*, 980 F.2d at 566.

**B. Diversity**

28 U.S.C. § 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). One exception to the requirement of complete diversity is where a non-diverse defendant has

been “fraudulently joined.” *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Fraudulent joinder is a “term of art.” *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Joinder of a non-diverse defendant is deemed fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity “[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.” *Id*; *see also Martineau v. ARCO Chem. Co.*, 25 F. Supp. 2d 762, 767 (D. Tex. 1998) (holding that to successfully prove that a non-diverse citizen has been fraudulently joined in order to defeat diversity jurisdiction, the removing party must demonstrate that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court) (internal citation omitted). Joinder is also deemed fraudulent where the court finds that the plaintiff has no real intention of prosecuting the action against the resident defendant. *Reeb v. Wal-Mart Stores, Inc.*, 902 F.Supp. 185, 187 (E.D. Mo. 1995). However, merely alleging that an action is likely to be dismissed at some future time against the defendant does not demonstrate fraudulent joinder. *Diaz v. Allstate Insurance Group,* 185 F.R.D. 581, 586 (C.D. Cal. 1988). “Where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the case in state court.” *Albi v. Street & Smith Publications*, 140 F.2d 310, 312 (9th Cir. 1944).

With the addition of HCJ and the South Bayview tenants as domestic Defendants in this matter, the case stated by the original complaint filed in state court on October 12, 2006 (case number 06-2-10198-4), was facially not removable. In regard to the ten tenant Defendants, however, South Bayview seeks only “a declaration regarding coverage for the respective rights of the parties concerning loss of property owned” by the tenants. Ex. D to Attach. #1 to Def.’s Removal Petition [Dkt. #1] at 6. A request for such a declaration is not an actionable claim sufficient to defeat diversity. *See National Basketball Ass'n v. SDC Basketball Club, Inc.*, 815 F.2d 562, 565-66, (9th Cir. 1987) (citing the Eleventh Circuit’s holding in

*Hendrix v. Poonai*, 662 F.2d 719, 722 (11th Cir. 1981) (per curiam), in which the Court found that no jurisdiction existed over such an abstract question based upon the possibility of a factual situation that may never develop[2]) (internal citation omitted). The failure of South Bayview to state an actionable case against the tenant Defendants is obvious, as is the fact that South Bayview has demonstrated no real intention of prosecuting the action against the tenants. The domestic status of the tenant Defendants, therefore, does not defeat diversity in the present case.

Furthermore, South Bayview's June 7, 2007 Response to CWG's Partial Motion for Summary Judgment states that "South Bayview does not object to this Court entering partial summary judgment dismissing the allegation against Hall-Conway-Jackson for the limited issue regarding its failure to request a certified copy of the policy." Ex. C to Attach. #1 to Removal Pet. [Dkt. #1] at 2-3. South Bayview's only claim against HCJ prior to South Bayview's filing of their Amended Complaint on June 6, 2007, was that HCJ's failure to provide a certified copy of South Bayview's insurance policy allegedly violated the Washington Consumer Protection Act; by conceding to the dismissal of that claim, South Bayview implicitly conceded to having failed to state an actionable case against HCJ in South Bayview's unamended complaint of the current matter. The domestic status of HCJ, therefore, does not defeat diversity in the present case in terms of the unamended complaint.

South Bayview's argument that diversity is improper because the domestic Defendants have not been dismissed from the case is unavailing. A formal and final dismissal under state law is not required. *Martineau v. ARCO Chem. Co.*, 25 F. Supp. 2d at 768. Instead, a case may be removed based on "any voluntary act of the plaintiff that effectively eliminates the nondiverse defendant from the case." *Id.* (internal citation omitted). As discussed, *supra*, the failure of South Bayview to state an actionable claim

---

[2]Such a factual situation exists in the present case where South Bayview seeks a declaration from the Court regarding the respective rights of the parties to safeguard South Bayview from liability should the domestic tenants bring suit against South Bayview. These tenants, only three of which were properly served, have not brought suit.

against the domestic Defendants effectively eliminated these Defendants from this litigation; their dismissal is not required to perfect complete diversity.

South Bayview's Amended Complaint, however, states a potentially actionable claim of negligence against HCJ which would defeat diversity. Ex. D to Attach. #1 to Removal Petition [Dkt. 1] at 9. CWG's argument that this claim is frivolous is specious; CWG admits that South Bayview's initial claim against HCJ prohibited removal until South Bayview consented to dismissal of that original claim in South Bayview's Response to CWG's Partial Motion for Summary Judgment. CWG's Resp. to Mot. for Remand [Dkt. #7] at n.2. CWG cannot remove this case, therefore, until South Bayview consents to the dismissal of this negligence claim against HCJ or until the state court dismisses the claim in response to a motion for summary judgment which CWG has not filed. CWG has in fact removed the case to this Court in lieu of filing such a motion. Thus, should the Amended Complaint be considered by this Court, the negligence claim would engender the necessity for remand.

Similarly, this Court concludes that CWG's argument that South Bayview's negligence claim is barred by Washington's "economic loss doctrine"[3] is a question best placed in the hands of the state court in the form of a summary judgment motion. Unlike the claims against the tenant Defendants which this Court has concluded to be fraudulent for an obvious failure to state an actionable claim, *see supra*, South Bayview's negligence claim against HCJ does not bear such an obvious failure. As this Court has already stated, merely alleging that an action is likely to be dismissed at some future time against the defendant does not demonstrate fraudulent joinder; "doubt is ordinarily resolved in favor of the retention of the case

---

[3]Washington's "economic loss doctrine" recognizes that where solely economic loss is claimed and a contractual relationship exists, the terms of the contract control and tort recovery is barred. *Berschaeuer/Phillips Constr. Co. v. Seattle Sch. Dist. No. 1*, 124 Wn.2d 816, 822, 881 P.2d 986 (1984); *Alejandre v. Bull*, 159 Wn.2d 674, 681, 153 P.2d 864 (2007). CWG argues that because Washington recognizes that an agency relationship is based upon contract (*citing Estes v. Lloyd Hammerstad, Inc.*, 8 Wn. App. 22, 26, 503 P.2d 1149 (Wn. App. 1972)) and that South Bayview maintains an agency relationship with HCJ, South Bayview should be barred from making a tort claim based on negligence.

in state court." *Diaz*, 185 F.R.D at 586; *Albi*, 140 F.2d at 312. Should the state court determine that South Bayview has no actionable claims against HCJ and dismisses South Bayview's claims against all of the domestic Defendants, this Court will approve removal again at that time.

CWG also argues that South Bayview violated CR 15(a) when Plaintiffs filed their Amended Complaint in state court . CR 15(a) provides that a party may amend its pleading "once as a matter of course at any time before a responsive pleading is served. . . . Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *See* CR 15. CWG filed their Answer and Affirmative Defense to South Bayview's October 12, 2006 Complaint on November 22, 2006. South Bayview alleges that because HCJ had not answered their initial Complaint, South Bayview had "an absolute right to amend the complaint pursuant to CR 15" because their Amended Complaint "only involves new allegations as against Hall-Conway-Jackson" and not CWG. Mot. for Remand [Dkt. #2] at 6.

This Court is unaware of (and CWG has not proffered) Washington State precedent on this issue; this appears to be a case of first impression for the Ninth Circuit as well. The Eleventh Circuit, however, has held that if a case has more than one defendant and not all defendants have filed responsive pleadings the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer. *Williams v. Board of Regents of Univ. System of Georgia*, 441 F.3d 1287, 1296 (11th Cir. 2006); *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000); *see also* Schwarzer, Tashima, Wagstaffe, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial § 8:378* (The Rutter Group 2007) ("Where only one of several codefendants has filed an answer or other responsive pleading, plaintiff may amend the complaint as a matter of course *as to those defendants who have not yet filed* responsive pleadings. Leave . . . must be obtained insofar as the amendment affects defendants who have already answered"). Considering HCJ has not filed a responsive pleading to date and

that South Bayview amended their complaint to add a new allegation against HCJ (and did not make amendments directly pertaining to CWG), the Amended Complaint is valid pursuant to Eleventh Circuit precedent.

Furthermore, should the Court conclude that South Bayview *was* required to seek leave to amend their complaint, South Bayview's consequent violation of CR 15(a) does not automatically nullify the new allegation against HCJ within the amended complaint. Although South Bayview did not seek leave to amend, leave shall be freely given when justice so requires. CR 15(a). South Bayview has not conceded to the dismissal of the new allegation against HCJ, nor has CWG moved for such a dismissal. The Court concludes that justice would require leave to be given in the present case, thereby confirming HCJ's status as a non-diverse defendant and consequently rendering removal to federal court improper. Therefore, in consideration of the requirements of justice and Eleventh Circuit precedent, the Court GRANTS South Bayview's Motion for Remand [Dkt. #2].

**C. CWG's Alternative Motion**

CWG claims that South Bayview's joinder of HCJ was "collusive and/or fraudulent . . . for the purpose of defeating diversity jurisdiction." Resp. at 2 [Dkt. # 9]. In addition to the arguments discussed above to support this claim, CWG raised the fact that Kathryn Carlstrom, "an owner/principal and authorized agent" of South Bayview, is married to Mark Carlstrom, "a principal and/or authorized agent" of HCJ. *Id*. at 5. CWG argues that in "light of the marriage between principals/agents, South Bayview cannot credibly feign ignorance of the facts concerning the bases and nature of its relationship with HCJ," *i.e.*, the marital relationship between "agents" of South Bayview and HCJ is evidence of their collusive and/or fraudulent behavior. This Court, however, is not persuaded by the evidence presented by CWG that this is the case.

Alternatively, CWG requests that this Court enter an order granting CWG leave to take limited jurisdictional discovery concerning collusive and/or fraudulent joinder. Alternative Mot. [Dkt. #10]. CWG argues that a defendant seeking removal "is entitled to present the facts showing the joinder to be fraudulent," citing *Ritchey v. UpJohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). The *Ritchey* court, however, went on to cite the Supreme Court's decision in *Alabama Great S. Ry. v. Thompson*, 200 U.S. 206, 218-19 (1906), where the Supreme Court refused to find fraudulent joinder where a misjoinder of parties was claimed by the defendant that was trying to remove the action. The Supreme Court concluded that the state court might decide that joinder was not proper. In fact, if it had jurisdiction, the Supreme Court might have done so itself, but "this does not change the character of the action which the plaintiff has seen fit to bring, nor change an alleged joint cause of action into a separable controversy for the purpose of removal." *Id.* Similarly, this Court, if it had jurisdiction, might find that joinder of HCJ was not proper, but the question of misjoinder must be resolved by the state court. This Court, therefore, is not persuaded that HCJ was fraudulently joined and DENIES CWG's Alternative Motion [Dkt. #10].

**D. Unanimity Requirement**

South Bayview provides the alternative argument that CWG's failure to meet the Ninth Circuit's unanimity requirement is further evidence of the impropriety of removal in the present case. Mot. For Remand [Dkt. #2] at 7; Decl. of Steven A. Rockey [Dkt. #3] at 2. Ordinarily, all the defendants in the state court action must consent to and join in the petition for removal with the exception of nominal, fraudulently joined or unknown defendants. *Maui Pineapple Co., Ltd. v. E.A. Bonelli & Associates, Inc.*, 2007 WL 1732562 at *5, (D. Haw. Jun. 14, 2007); *see also Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 680 (9th Cir. 2006); *Emrich*, 846 F.2d at 1193 n. 1. This rule only applies to those defendants properly served and joined in the action. *Abrego*, 443 F.3d at 680. If fewer than all defendants join in removal, the removing party has the burden, under 28 U.S.C. § 1446(a), of affirmatively explaining the

absence of the non-joining defendant(s) in the notice for removal. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) *overruled on other grounds by Abrego*, 443 F.3d at 681.

In the case at hand, CWG was not required to obtain consent for removal from the domestic tenant Defendants because they were improperly joined. Additionally, CWG's failure to obtain consent from HCJ is a moot issue. The facts of this case suggest that HCJ is properly joined; as a properly joined party, HCJ's domestic status defeats diversity and requires remand to the state court. The issue of whether or not CWG obtained consent for removal from HCJ is eclipsed by the necessity for remand; the unanimity requirement, therefore, does not apply to this case.

**E. Terms and Fees**

South Bayview has prevailed on its Motion for Remand [Dkt. #2] and seeks an award of terms and fees pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. §§1446(a) and 1447(c). South Bayview argues that CWG's petition for removal was frivolous and not well grounded in existing fact or law and was brought solely for the improper purpose of delaying state court proceedings. Mot. for Remand [Dkt. #2] at 8-9; Reply [Dkt. #13] at 6.

The award of fees on a successful motion for remand is discretionary under Fed. R. Civ. P. 11 and 28 U.S.C. §§1446(a) and 1447(c). The Court must determine whether the defendant had objectively reasonable grounds to believe that removal was proper. *See Samura v. Kaiser Foundation Health Plan, Inc.*, 715 F. Supp. 970, 972 (N.D. Cal. 1989). The Court has considered CWG's arguments and has determined that the removal here was objectively reasonable: whether the negligence claim against HCJ should be considered (where South Bayview did not seek leave to amend their original complaint) presents a reasonably close question. Therefore, South Bayview's request for terms and fees is DENIED.

CONCLUSION

South Bayview's Motion For Remand [Dkt. #2] to Grays Harbor County Superior Court is GRANTED. CWG's Alternative Motion [Dkt. #10] is DENIED. All motions for terms and fees are DENIED.

IT IS SO ORDERED.

Dated this 11th day of July, 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE